1  THEODORA R. LEE (SB# 129892)
   tlee@littler.com
2  LITTLER MENDELSON, P.C.
   650 California Street, 20th Floor
3  San Francisco, CA  94108-2693
   Telephone:  (415) 677-3132
4  Facsimile:  (415) 399-8490

5  Attorneys for Defendant
   CADIT COMPANY, INC.

6
   WILLIAM R. TAMAYO (SB# 084965)
7  DAVID F. OFFEN-BROWN (SB# 063321)
   RAYMOND T. CHEUNG (SB# 176086)
8  raymond.cheung@eeoc.gov
   EQUAL EMPLOYMENT OPPORTUNITY
9  COMMISSION
   San Francisco District Office
10 350 The Embarcadero, Suite 500
   San Francisco, CA  94105-1260
11 Telephone:  (415) 625-5649
   Facsimile:  (415) 625-5657

12 Attorneys for Plaintiff
   EQUAL EMPLOYMENT OPPORTUNITY
13 COMMISSION

14                UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17

18 EQUAL EMPLOYMENT                      CASE NO. C-08-03151 SI
   OPPORTUNITY COMMISSION,
19                                       **CONSENT DECREE AND [PROPOSED]**
              Plaintiff,                 **ORDER**
20
         vs.
21
   CADIT COMPANY, INC.,
22
              Defendant.
23

24 ///

25 ///

26 ///

27 ///

28

---

Case No. C-08-03151 SI                              CONSENT DECREE AND [PROPOSED] ORDER

Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of national origin (Chinese) and to make whole Mr. Ru Jian Lin, who the Commission alleged was aggrieved by such practices. Plaintiff EEOC alleged that Defendant Cadit Company, Inc. ("Cadit") unlawfully subjected Mr. Lin to harassment and retaliation because of his national origin. Cadit denied all the EEOC's allegations, including that Mr. Lin was subjected to harassment and retaliation, as well as the claim of damages or injuries.

In the interest of resolving the Lawsuit and as a result of comprehensive settlement negotiations, the Commission and Defendant Cadit (hereinafter referred to as "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the Lawsuit. Nothing contained in this Consent Decree shall be construed as an admission by Cadit that it has in any respect violated or abridged any law or any rights or obligations that it may owe or may have owed to Mr. Lin. Cadit expressly denies any violation of law or wrongdoing. This Consent Decree represents a good faith settlement of contested and disputed claims.

This Consent Decree resolves all claims arising out of the complaint filed in the Lawsuit, and constitutes a complete and final resolution of all claims of national origin discrimination under Title VII that were made by the Commission in this lawsuit. This Consent Decree does not, however, resolve any future charges or charges that may be pending with the EEOC other than the charge and complaint specifically referenced in this paragraph. This Consent Decree comprises the full and exclusive agreement of the EEOC and Cadit with respect to matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, and any substantive change, modification or amendment of any provision of this Consent Decree shall also require approval by the Court.

Case No. C-08-03151 SI - 2 - CONSENT DECREE AND [PROPOSED] ORDER

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and now approves this Consent Decree. THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

## I. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the Parties to this Lawsuit. This Court will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's obligations as set forth herein.

2. This Consent Decree is final and binding upon the Parties, their successors and assigns.

3. The Parties will each bear its own costs and attorneys' fees in this action.

## II. GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-RETALIATION

4. Consistent with Sections 703 and 704 of Title VII, 42 U.S.C. §2000e-2, Defendant Cadit, and its officers, agents, managers (including supervisory employees), successors and assigns, are enjoined from engaging in unlawful harassment and retaliation of employees, and any other unlawful employment practice which discriminates on the basis of national origin.

## III. MONETARY RELIEF

5. As part of its resolution of this lawsuit, Defendant will pay Mr. Lin Thirty Seven Thousand Dollars ($37,000) within fourteen days of the entry of this Consent Decree. The first check shall be in the gross amount of Seven Thousand Dollars ($7,000.00), less appropriate withholdings and any other authorized deductions, and represents alleged back wages. Accordingly, Defendant Cadit will issue a Form W2 to Mr. Lin for this payment. A second check shall be in the gross amount of Thirty Thousand Dollars ($30,000.00), and such payment constitutes compensatory damages on account of Mr. Lin's alleged emotional distress, and is not intended to constitute or to be in lieu of compensation for services rendered or exemplary or punitive damages. Accordingly, Defendant Cadit will issue a Form 1099 on this amount. Defendant shall provide the Commission with proof of this

disbursement of the settlement payment c/o Raymond T. Cheung, EEOC, 350 The Embarcadero, Suite 500, San Francisco, CA 94105-1260.

## IV. SPECIFIC INJUNCTIVE RELIEF

6. **Training of Employees**.

   If within two years after the entry of this Consent Decree by the Court, Defendant Cadit Company, Inc. employs fifteen or more employees for each working day in each of twenty or more calendar weeks in a calendar year, Cadit shall then conduct a half-day training for all of its management employees on anti-harassment and retaliation employment practices before the expiration of this two year term.

7. **Training Logistics**.

   With respect to the training conditionally required by the above paragraph, Defendant agrees that such training shall include: (1) what constitutes national origin discrimination, (2) what constitutes retaliation, (3) an explanation that Title VII prohibits discrimination and retaliation, (4) how to prevent discrimination and retaliation, (5) to whom employees may direct a complaint of discrimination or retaliation, and (6) a review and explanation of Cadit's policies proscribing discrimination, harassment and retaliation.

8. **Acknowledgment of Training Attendance**.

   All persons attending mandatory anti-discrimination training pursuant to this Consent Decree shall acknowledge their attendance (through their hard copy or electronic signature) at the training, the date thereof, and their position. Cadit shall retain these verifications and provide the EEOC with a copy.

9. **Training Compliance**

   To ensure compliance, the EEOC, during the two year term of this Consent Decree, may upon reasonable notice, audit Defendant Cadit Company to determine whether the training requirement has been triggered, and if so, whether the required training has been performed.

## V. DISMISSAL WITHOUT PREJUDICE, RETENTION OF JURISDICTION, AND EXPIRATION OF CONSENT DECREE

10. The Commission expressly retains the right to petition this Court, prior to the expiration of the Consent Decree as set forth in Paragraph 11 below, for an extension of the Consent Decree because of noncompliance until October 31,

2010, if the Commission determines that Cadit has not complied with the terms of this Consent Decree. If the Commission determines that Cadit has not complied with the Consent Decree, the Commission will provide written notification of the alleged breach to Defendant and will not petition the Court for an extension of the Consent Decree sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the Commission successfully petitions the Court to extend the Consent Decree and the Court finds Cadit to be in substantial violation of the terms of the Decree, the Court may extend this Consent Decree by another three (3) months.

11. Unless this Consent Decree is extended pursuant to Paragraph 10 above, two (2) years after the entry of this Consent Decree, it will expire and have no further force or effect, and this Lawsuit will be deemed to have been dismissed with prejudice without further action by the Parties and without further Court Order.

DATED: November 20, 2008   LITTLER MENDELSON, LLP


By: /s/ Theodora R. Lee
      THEODORA R. LEE
Attorneys for Defendant
CADIT COMPANY, INC.

DATED: November 20, 2008   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


By: /s/ Raymond T. Cheung
      RAYMOND T. CHEUNG
Attorneys for Plaintiff
Equal Employment Opportunity Commission


**[PROPOSED] ORDER**

IT IS SO ORDERED.

1   DATED: __12/2/08__

2
                                            _____
3                                                 Hon. SUSAN ILLSTON
                                            Judge, United States District Court
4

    Firmwide:87507875.1 060697.1001
5

---

Case No. C-08-03151 SI                    -4-           CONSENT DECREE AND [PROPOSED]
                                                                              ORDER